THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHMOND HOOK
　　AND LADDER COMPANY No. 4, Respondent, *v.* EDWARD M. GROUT,
　　Comptroller of the City of New York, Appellant.

*Constitutional law — payment of municipal funds to a volunteer fire company.*

Volunteer fire companies are recognized as discharging a municipal function,
　　and municipal funds may legitimately be used to pay for fire protection
　　afforded by such organizations.

Section 722 of the revised Greater New York charter (Laws of 1901, chap. 466),
　　which directs the payment, by the comptroller of the city of New York, of
　　municipal funds to certain volunteer fire companies at a given time, without
　　any conditions other than may be implied from the fact that the volunteer fire
　　company is authorized by law to continue to discharge the duties for which it
　　was organized until a paid fire department shall be provided, does not violate
　　any provision of the New York State or Federal Constitution, and the comp-
　　troller is not justified in refusing to pay the sum directed to be paid by the
　　statute until a like sum paid to the volunteer fire company in the previous
　　year under the original charter (Laws of 1897, chap. 378, as amd. by Laws of
　　1900, chap. 82) is accounted for.

APPEAL by the defendant, Edward M. Grout, comptroller of the
city of New York, from an order of the Supreme Court, made at
the Kings County Special Term and entered in the office of the
clerk of the county of Richmond on the 15th day of July, 1902,
granting a peremptory writ of mandamus.

*James McKeen,* for the appellant.

*William Allaire Shortt,* for the respondent.

PER CURIAM:

The comptroller of the city of New York appeals from an order
granting a peremptory writ of mandamus directing him to pay to
the Richmond Hook and Ladder Company of the borough of Rich-
mond the sum of $1,000 as provided by section 722 of the revised
Greater New York charter (Laws of 1901, chap. 466). We have
examined the questions raised by the appellant in the light of the
authorities cited in his brief, but we are unable to discover that the
statute is in violation of any provision of the Constitution of this
State or of the United States. The act commands the payment of
the sum named at a given time, without any other conditions than

may be implied from the fact that the Richmond Hook and Ladder Company is authorized by law to continue to discharge the duties for which it was organized until a paid department shall be provided, and the refusal of the comptroller to pay the sum, unless upon an accounting for the like sum paid in the year 1901 under the original charter (Laws of 1897, chap. 378, as amd. by Laws of 1900, chap. 82), was not justified by anything contained in the law. Volunteer fire companies are recognized as discharging a municipal function, and it is a legitimate use of municipal funds to pay such organizations, the same as it is to pay for fire protection afforded by a paid department.

The order appealed from should be affirmed, with costs.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred; BARTLETT, J., concurred in result, being of opinion that the right to payment may be deemed conditional upon the continued rendition of services by the volunteer companies respectively; JENKS, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.